CAMPBELL V. PEERY.

*96 P. 2d 22.*

No. 28911.   Nov. 14, 1939.

Oscar Simpson, of Oklahoma City, for plaintiff in error.

Carl Hogge, of Oklahoma City, for defendant in error.

OSBORN, J.   This action was instituted in the court of common pleas, division No. 1, of Oklahoma county, wherein Wallace Campbell was plaintiff and G. G. Peery was defendant. The parties will be referred to as they appeared in the trial court.

The plaintiff in his petition sought to recover the sum of $670.20, including principal, interest, and costs, upon a certain promissory note alleged to have been executed by the defendant, and sought to foreclose a chattel mortgage upon an automobile, which said chattel mortgage was alleged to have been executed by the defendant as security for said note. Copies of both the note and mortgage were attached to and made a part of the petition. Thereafter the defendant filed a motion to dismiss plain-

tiff's petition, said motion stating that defendant had filed his petition in bankruptcy in United States Federal District Court alleging that he was bankrupt; that the note sued upon had been included as a part of the liabilities of defendant in said bankruptcy action; and that the plaintiff had filed a protest to the discharge of defendant in said court, and that said protest was still pending. This motion was subsequently overruled by the court, and defendant thereupon filed his answer, setting up as a defense practically the same facts contained in his motion to dismiss, and specifically denied that the debt was created by the fraud of the defendant. Plaintiff thereupon filed his reply to the answer of defendant, in which he admitted that defendant had filed his petition in bankruptcy as set out in the answer, and further admitted that defendant had been released in bankruptcy in the United States District Court. Plaintiff alleged in his reply, however, that the claim sued upon was founded upon fraud and deceit; had its inception by means of such fraud and deceit on the part of the defendant, and that defendant knew when the obligation was created that the same was fraudulently created. Plaintiff further alleged that defendant and one Miller, the original payee of the note and mortgage, had conspired one with the other to fraudulently create said indebtedness and pass same to innocent purchasers. Plaintiff further alleged that his claim against defendant is not one which is dischargeable in bankruptcy.

The case was tried to a jury, and at the conclusion of plaintiff's evidence defendant interposed a demurrer to the evidence, which was sustained by the court, and judgment was entered for the defendant. Plaintiff filed a motion for a new trial, which was refused, and plaintiff appeals.

From the statement of the trial court in rendering the judgment, and from the briefs of counsel, it appears to have been agreed that the defendant's discharge as a bankrupt served to discharge the debt sued upon unless plaintiff can establish that the debt was created fraudulently as alleged in plaintiff's petition. The only question presented here by the parties for review is whether or not the evidence of plaintiff is sufficient to sustain an allegation of fraud as against a demurrer to the evidence.

The rule that a "demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence," was stated by this court in Baker v. Chaney, 167 Okla. 164, 28 P. 2d 1092, and has been followed by a long line of cases.

This court in Tilghman v. Sykes, 103 Okla. 50, 229 P. 634, held:

"A demurrer to the evidence searches the pleadings for the facts admitted, as well as the evidence for the facts proved, to determine whether or not the evidence is sufficient to entitle the plaintiff to the relief asked."

Fraud is defined in section 9417, O. S. 1931, 15 Okla. St. Ann. § 58. This section sets out various specific acts and is concluded with the words "any other acts fitted to deceive." With these rules in mind we proceed to an examination of the record.

In the pleadings it is not denied that defendant executed the note and mortgage in question, and defendant in his answer specifically denies that he ever had possession of the automobile purported to be covered by the mortgage executed by him.

Plaintiff testified that on June 11th and 12th he purchased the note of G. G. Peery from Al Miller, of Miller Sales, Inc., and that he notified Mr. Peery thereof on June 15th by letter; that within a few days he became suspicious of Mr. Miller's dealings and called up Mr. Peery giving him the various numbers recited in the mortgage as contained on the automobile covered by said mortgage and asked Mr. Peery to ascertain whether or not said numbers were on the

car purchased by him, and that in a few minutes Peery called him and told him that he had checked the car and that the numbers contained in the mortgage were correct; that after Mr. Miller had absconded, Peery came out to the house of plaintiff and that plaintiff informed him that Al Miller did not have the car covered by his mortgage; that the same had been purchased three months before by Dr. R. H. Wilkins, and that Al. Miller had got Dr. Wilkins, among others, to sign up some notes; that he asked him in the course of the conversation, "Why he signed up that bogus note and mortgage for the car he never had, and Miller never had, and he said that Al Miller give him $25 to sign it"; that Miller made one payment on the car that purportedly had been made by Peery, but that Peery had never made any payments. Other evidence of similar import was given.

From the foregoing evidence and the admissions contained in the pleadings, supra, it appears that there was evidence that the defendant had executed a note and mortgage; that the property purportedly covered by said mortgage had never been owned by him; that Al Miller, the original payee, had paid him $25 to execute said note and mortgage, and had in turn sold the note and mortgage to the plaintiff. It appears from the foregoing, when viewed together with all the inferences and conclusions which might reasonably and logically be drawn therefrom, that the evidence and admitted facts were sufficient to withstand a demurrer to the evidence, and that the jury, under proper instruction from the court, should have been permitted to pass upon same and determine whether the same constituted a fraudulent conspiracy as charged in plaintiff's petition.

The judgment of the trial court is reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.