## CITY BUS CO. v. COLLINS.

No. 35022.  Oct. 28, 1952.

*249 P. 2d 701.*

Richardson, Shartel & Cochran and F. M. Dudley, Oklahoma City, for plaintiff in error.

Carmon C. Harris and Frank Wilton Jones, Oklahoma City, for defendant in error.

PER CURIAM.  The parties herein will be referred to as they appeared in the trial court.

Plaintiff, Collins, alleges that he was working behind the counter at a tavern located at the northeast corner of the intersection of North West Fourth and Shartel streets in Oklahoma City; that a collision occurred between a bus of defendant City Bus Company, and an automobile driven by defendant Isaacs at the intersection of said streets; that the bus ran off the street across the sidewalk, into the building where plaintiff was employed, knocking over the counter and causing the ceiling of said building to fall, and that plaintiff was struck by said counter and falling materials from the ceiling and injured, resulting in damage to his person including pain and suffering, and permanent disability, and a loss of wages, and that he incurred certain hospital and doctor bills.

Defendant Isaacs answered by way of general denial, and defendant City Bus Company answered denying liability and alleging that it is not liable to plaintiff by reason of intervening causes, to wit: The negligence of defendant Isaacs and pleaded facts tending to show that the defendant Isaacs was guilty of negligence and that his negligence alone caused the accident, and further pleaded that the accident in so far as the defendant City Bus Company is concerned was the result of an unavoidable accident.

The plaintiff replied to the respective answers of both defendants by way of general denial and upon the issues thus joined this cause proceeded to trial before a jury and resulted in a verdict in favor of the plaintiff against both defendants.

It appears throughout the evidence that the defendant Isaacs was unquestionably guilty of negligence, and since said defendant Isaacs does not appeal from the judgment of the trial court, there will be no discussion of the facts as to the defendant Isaacs, except as the same may be incidentally related to other facts in the case.

Defendant City Bus Company sets out twenty-three (23) assignments of error in its petition in error, but in its brief presents one proposition and states its proposition is covered by assignments numbered 1, 2, 4, 5, 6, 7, 10, and 12.

Assignment No. 1 is error of the court in overruling the motion of the plaintiff in error for a new trial.

Assignments of error numbered 2, 4, 5, 6, 7, 10, and 12 cover only the proposition presented by the defendant. Bus Company, that the court should have sustained (1) said defendants' demurrer to the evidence, or (2) said defendants' motion for a directed verdict, and that the verdict and judgment is contrary to the law and the evidence.

A bus owned by the City Bus Company of Oklahoma City driven by one of its employees was proceeding northward on Shartel street and an automobile driven by defendant Isaacs was proceeding eastward on North West Fourth street. A collision occurred between the bus and the automobile at the intersection of said streets and at approximately the center of said street intersection. The bus swerved in a northeasterly direction going over the curb and sidewalk and into the building where plaintiff was working, overturning fixtures, damaging the building, and injuring the plaintiff.

Defendant presents no objection to the court's instructions, or the amount of the award of the jury, but complains that the court committed error in overruling defendant's demurrer to the evidence, and in overruling defendant's motion to direct the jury to return a verdict for said defendant, and challenges the sufficiency of the evidence to sustain the verdict and judgment of the court.

Thus, it will be seen the proposition of the defendant requires a review of the evidence in order that this court may arrive at a proper result in this cause.

It is agreed that Shartel street runs north and south and Fourth street runs

east and west. It is agreed that traffic at this intersection is controlled by signal lights and it is stipulated that the ordinances of Oklahoma City fix a speed limit; and the "speed limit for all vehicles on the streets entering the intersection at 4th and Shartel streets in Oklahoma City was 25 miles per hour."

The doctors' testimony covers examination and treatment of the plaintiff, Collins, and the extent of the injuries sustained by the plaintiff, to which the plaintiff also testified.

Plaintiff, Collins, also testified that he was working in a tavern located in a building at the northeast corner of the intersection of these two streets; that the bus crashed into the building, hit the bar, and tore it to pieces, and that he was struck, knocked down, and sustained the injuries complained of, and thereafter was taken to the hospital. His testimony further covers the time he spent in the hospital, period of suffering, loss of salary, expenses, and generally supporting the allegations of the petition.

Other witnesses offered in behalf of the plaintiff testified that the bus was proceeding northward on Shartel street, traveling at a speed of 30 to 35 miles per hour; that when the bus was approximately 165 feet south of the intersection, the north and south light changed from green to yellow; that when the bus crossed the south line of Fourth street which runs east and west, the north and south light had turned red and that the bus driver was running through the red light. The testimony of practically all the witnesses to the collision is that it occurred at approximately the center of the intersection, the bus being struck in its left front corner. That the Isaacs car swerved to the left and proceeded northward and the bus swerved to the right going northeast over the curb across the sidewalk and into the building in which plaintiff was at work.

There is also evidence showing that the rear wheels of the bus skidded 18 feet and expert testimony that to do so the bus would be making approximately 30 miles per hour.

On behalf of the defendant bus company, a number of witnesses testified that the bus was making a speed estimated at twelve to twenty miles per hour; that when it crossed the south line of Fourth street, entering the intersection, that the north and south light was still green. Testimony also shows that the Isaacs car was traveling at a rate of speed variously estimated at from 40 to 60 miles per hour as it entered the intersection, going east on Fourth street, when it collided with the bus.

There is a sharp conflict with reference to two questions, to wit: The speed of the bus, and whether or not the traffic light was red or green when the bus entered the intersection.

The record also discloses that in number there were more witnesses testifying favorably to the defendant bus company than testified in behalf of the plaintiff. However, these controverted questions of fact were by the verdict of the jury resolved in favor of the plaintiff and against the defendant. From the record it would appear that a jury could have just as easily resolved these controverted issues against the plaintiff and in favor of the defendant, the appellant herein, but the jury trying the issues of fact did not arrive at such a conclusion.

There was ample evidence presented at the trial to sustain the contention of the plaintiff that the bus was traveling at a rate of speed greater than that which was safe under existing conditions, and that when the bus entered the intersection it was running a red light signal against it. This issue of fact was resolved in favor of the plaintiff by the jury and, if true, such conduct on the part of the bus driver would constitute negligence for which the bus company would be held liable.

It is quite clear that had the bus stopped at the intersection, instead of proceeding on into the intersection, the collision and resulting injury to the plaintiff would not have occurred.

The events which took place and resulted in the injuries of plaintiff all occurred within the space of not more than two or three seconds. If the light was green when the bus entered the intersection, the defendant Isaacs is to be blamed solely, and the bus company should be absolved from liability. On the other hand, if the bus was exceeding a rate of speed which was safe under the existing circumstances, and, if the bus entered the intersection when the light was red, and it was running over a stop signal, the acts of both defendant Isaacs and the bus company would be the proximate cause of the injury, and the bus company as well as Isaacs would be liable.

Again, the jury as triers of the issues of fact found these issues against the bus company.

These issues of fact are such issues that reasonable men may differ on. It has been held that in such cases, a jury issue has been tendered.

"In a suit for personal injuries, the question of whether or not defendant's negligence is the proximate cause of the injury sustained should be left to the jury where the evidence is conflicting or where men of ordinary intelligence will differ as to the effect of the evidence on the point." Oklahoma Union Railway Co. v. Hainey, 96 Okla. 217, 222 P. 243; Oklahoma Natural Gas Co. v. Courtney, 182 Okla. 582, 79 P. 2d 235; Oklahoma Natural Gas Co. v. Pack, 186 Okla. 330, 97 P. 2d 768.

It has been held in so many cases that a demurrer to the evidence admits all the evidence tends to prove and all inferences reasonably deducible therefrom, that citation of authority is hardly necessary; however, we cite: Wm. Cameron & Co. v. Henderson, 40 Okla. 648, 140 P. 404; Wilson v. Moran, 82 Okla. 34, 197 P. 1051; Jones v. Nelson, 156 Okla. 236, 10 P. 2d 408, and Campbell v. Peery, 186 Okla. 51, 96 P. 2d 22.

We hold the evidence in the case at bar sufficient to show proximate cause, and thus sufficient to sustain the verdict of the jury and judgment of the trial court.

We must, therefore, hold that the trial court did not err in overruling the demurrer and request for an instructed verdict made by defendant, and it was not error to overrule the motion for new trial.

The judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys W. B. Garrett, H. M. Thacker, and T. R. Wise, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.