**Willard W. MOTE, Plaintiff in Error,**

v.

**George E. HILYARD, Defendant in Error.**

**No. 38955.**

Supreme Court of Oklahoma.

Feb. 28, 1961.

Looney, Watts, Looney & Nichols, Oklahoma City, for plaintiff in error.

Rhodes, Crowe, Hieronymus & Holloway, by Russell B. Holloway, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an action for damages for bodily injuries allegedly resulting from a motor vehicle collision, in which defendant cross-petitioned for his alleged injuries. At the close of all the evidence, the trial court sustained plaintiff's demurrer to defendant's evidence as to defendant's cross-petition and submitted plaintiff's case to the jury, resulting in a verdict and judgment for plaintiff.

Defendant appeals, assigning as the sole error the action of the trial court in sustaining plaintiff's demurrer and removing defendant's cross-petition from consideration by the jury.

The collision occurred on Highway 20, about one mile east of Ralston, Oklahoma, about 4:00 o'clock P.M. on March 22, 1958. The weather was cloudy and the asphalt roadway was wet; although it was not raining at the time. At a point approximately 2,100 feet west of the crest of a hill, a car driven by one Gerald Weide had been stopped in the north lane of traffic, and plaintiff, who was driving his car east on said highway, had stopped or was stopping his car opposite Weide's car, for the purpose of engaging in conversation with Weide. Defendant was driving his car west on said highway, and after traversing the crest of said hill, in attempting to avoid a collision with Weide's car, defendant swerved his car to the left and collided with plaintiff's car. The testimony was in dispute as to the exact loca-

tion of Weide's car and plaintiff's car with reference to the roadway when the collision occurred. Under the most favorable interpretation for defendant, however, and based upon defendant's own testimony, there was a space of at least thirteen feet between them.

The sole proposition advanced by defendant for reversal of the judgment is that the evidence presented a disputed question of fact which should have been submitted to the jury.

The only negligence alleged against plaintiff in defendant's cross-petition was that plaintiff stopped his car on the roadway without warning or signal and failed to put out flares or other warning devices, in violation of State law.

Assuming, without deciding, that plaintiff had negligently stopped his automobile on the roadway, it was necessary for defendant to show further that such negligence proximately caused or contributed to the collision, in order to warrant submission of defendant's cross-petition to the jury.

In Sturdevant v. Kent, Okl., 322 P.2d 408, the facts were that plaintiff collided his vehicle with defendants' truck which had been stopped or parked on the street in violation of a city ordinance. Plaintiff testified that he saw the truck while three hundred feet away and paid no particular attention until it was too late to avoid a collision. Held, in the syllabus:

"1. Regardless of any negligence on part of defendant and regardless of extent of such negligence, no liability attaches unless injuries complained of resulted directly and proximately therefrom.

"2. Where the admitted facts fail to show a causal connection between the acts of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the trial court.

"3. A motorist colliding with an automobile parked on a city street is guilty of primary negligence proximately causing the collision if he could have seen the parked automobile in time and could have avoided the collision."

Therein, we reversed judgment for plaintiff, stating that the trial court should have directed a verdict for defendants.

In the instant case, it was undisputed that the driver of an automobile, after coming over the crest of the hill, had an unobstructed view of the accident area while more than 2,100 feet away. Defendant testified that the highway was marked "all along there" with signs, "Slippery When Wet"; and that he saw the two automobiles while approximately a third of the way down the hill, which would have been about 1,400 feet away. Defendant further testified that he did not apply the brakes until he was about 250 or 300 feet from the two automobiles.

We conclude that defendant's evidence was insufficient to support a finding that plaintiff's negligence, if any, proximately caused or contributed to the collision. It was a mere condition. Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501. Therefore, the trial court did not err in sustaining plaintiff's demurrer thereto as to defendant's cross-petition.

That being the only question presented in this appeal, the judgment for plaintiff is affirmed.