Betty Susan ENGLAND, Plaintiff in Error,

v.

Betty KILCREASE, Defendant in Error.

No. 41978.

Supreme Court of Oklahoma.

July 15, 1969.

Harry Bickford, Wallace & Bickford, Ardmore, W. R. Bergstrasser, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiff in error.

F. Lovell McMillin, Fischl, Culp & McMillin, Ardmore, for defendant in error.

HODGES, Justice.

Plaintiff filed suit for personal injuries arising out of an accident that occurred on U.S. Hwy. 77 about 5.6 miles north of Ardmore at approximately 4:45 P.M. during daylight hours. Plaintiff alleged that defendant was negligent in stopping her vehicle on the paved portion of the highway when she could have pulled off on the shoulder in violation of 47 O.S.1961, Section 11–1001(a), abandoning the vehicle, and failing to warn approaching ve-

hicles. Defendant answered denying negligence, alleging plaintiff's negligence was cause of accident and pleading unavoidable casualty.

The case was tried to a jury and a verdict was rendered in the amount of $12,000.00. Defendant filed her appeal asserting error in the submission of the issues to the jury under insufficient evidence of proximate cause, and failure to receive a fair trial due to an interruption of the trial by a third party in the presence of the jury.

A review of the facts of the case are as follows: Plaintiff was driving a pickup truck on U.S. Hwy. 77 north from Ardmore. With her in the pickup was a sister-in-law and grandmother-in-law. For a distance of at least 3 miles plaintiff had been following another pickup truck at a distance behind the pickup of from 150 to 200 feet in the right lane of traffic. Defendant had been proceeding north from Ardmore on Hwy. 77 and at a point about 5½ miles from Ardmore, her car became stalled in the right hand lane of traffic. At this point the highway is divided with two lanes for traffic proceeding north and two lanes for south bound traffic. The defendan's car had stalled on the pavement at the crest of a hill. The adjacent shoulder was ten feet wide and extended back to the south a distance of about 100 feet. Plaintiff was driving between 55 and 60 miles per hour when the pickup truck in front of her pulled sharply from the right lane to the left to avoid the defendant's stalled car. Plaintiff collided with ·the rear of the defendant's car.

Defendant asserts that plaintiff was guilty of primary negligence which was the proximate cause of the accident due to the fact that she could have seen the stalled vehicle from a distance of up to 1500 feet.

Plaintiff testified that she was driving a distance of about 150 to 200 feet behind the pickup of a Mr. Brown. That she and Mr. Brown were traveling in the right lane of traffic and that his vehicle "* * * just darted out and just missed it" referring to the defendant's stalled car.

Mr. Brown testified that he was about 100 feet from the stalled car of the defendant when he realized it was stopped on the highway, and turned to go around it. He stated that plaintiff was about 150 to 200 feet behind him at that time.

The plaintiff testified that if it had not been for the pickup truck she would have been able to see the stalled vehicle from a distance of about 300 yards or at the bottom of the hill. Mr. Brown testified that he could have seen the stalled vehicle from a distance of about 450 feet but that he actually saw it from about 350 feet. He further stated that he was about 100 feet from the vehicle when he realized it was completed stopped. The other people in the plaintiff's pickup did not know the distances or speeds of the vehicles.

Defendant produced the investigating highway patrolman who testified that the visibility of a vehicle approaching from the south of the stalled vehicle would be in excess of 1500 feet if there had been no obstructions. Defendant also produced witnesses that contradicted plaintiff's evidence regarding a pickup truck or any other vehicle traveling in front of plaintiff prior to the collision.

Defendant cites a number of cases for their position that this is not a question for the jury as there can be but one interpretation from the evidence offered and it is for the court to decide. A number of these citations concern unlighted vehicles on the highway at night and are not pertinent to the case at hand. Defendant however cites two cases involving collision of vehicles stopped on the highway during daylight hours. Sturdevant v. Kent, Okl., 322 P.2d 408 and Mote v. Hilyard, Okl., 358 P.2d 844.

The Sturdevant case involved a collision of an automobile with a truck that was stuck in a ditch adjacent to the street with about 6 feet of the rear of the truck extending onto the paved portion of the

street. The accident occurred in the town limits. Plaintiff stated that he saw the truck from a distance of about 300 feet but he thought it was pulling into the driveway as it usually did and that he apparently looked off. He further testified that if he had not looked off he could have missed the truck. The case did not indicate the speed of the plaintiff's car. This case differs from the instant one in that there could be but one interpretation of the evidence in the Sturdevant case by the plaintiff's own testimony that he could have missed the truck if he had not looked off. The proximate cause of the accident was not the negligence of the defendant but plaintiff's own inattention to this driving and his poor judgment, as admitted by the plaintiff without any contra evidence. The instant case presents quite a different problem in that there is a conflict in the evidence as to the ability of the plaintiff to see the stalled vehicle in time to avoid it. We have in the instant case evidence of a vehicle lawfully traveling at a speed of between 55 and 60 miles per hour at a distance of from in excess of 150 to 350 feet from the stalled vehicle at the time the danger was first seen or could have been seen, which danger was created by the negligence of the defendant. In addition there is evidence that another driver immediately in front of the plaintiff first saw the defendant's vehicle at a distance of 350 feet but did not realize it was completely stopped on the highway until he was 100 feet from the vehicle. He had traveled a distance of some 250 feet before realization of the danger. If it took that same distance for plaintiff to realize the danger traveling at the same speed as the other driver she would not have had time to avoid a collision with the defendant's vehicle.

The Mote case, supra, involves two cars stopped on the paved portion of a two lane highway opposite each other with the occupants engaged in conversation. Plaintiff driving another vehicle came over a hillcrest and saw the vehicles at a distance of in excess of 2100 feet but did not apply his brakes until he was 250 to 300 feet from the cars. In both the Mote and Sturdevant cases plaintiff recognized or could have recognized the danger in ample time and distance to avoid it. There was but one conclusion that could be reached. No question arose to be submitted to the jury.

The Sturdevant case held that a motorist colliding with an automobile parked on a city street is guilty of primary negligence proximately causing the collision *if he could have seen the parked automobile in time and could have avoided the collision.* In the instant case there was conflicting evidence in the record as to whether plaintiff could have seen the stalled vehicle in time to avoid a collision due to the terrain and the pickup truck in front of her blocking her vision.

██ The rule in this jurisdiction is that the question of whether the defendant's negligence is the proximate cause of the accident and injury to the plaintiff is one for the jury where the evidence is conflicting or where men of ordinary intelligence might differ as to the effect of the evidence on such issue. Gourley v. Jackson, 142 Okl. 74, 285 P. 84; Oklahoma Natural Gas Company v. Courtney, 182 Okl. 582, 79 P.2d 235; City Bus Company v. Collins, 207 Okl. 354, 249 P.2d 701. We find the question of negligence and proximate cause was properly submitted to the jury.

██ Defendant also raises the proposition that a disturbance in the courtroom prevented her from having a fair trial. After the close of evidence and subsequent to reading instructions but prior to the closing argument a lawyer not connected with either party or attorney in the case, interrupted the proceeding to make comments about the general state of affairs. None of his remarks were directed to the lawsuit in progress or the attorneys for either side. After a short time the jury was removed from the courtroom and the lawyer finished his remarks outside the hearing of the jury. The lawyer's remarks were harmless as they did not in any way

**524**

bear upon the suit being tried or any person connected therewith. His remarks were not more prejudicial to one side than the other. They were in the nature of a pep talk to keep up the good work and not drop the standard that had been passed on by industrious predecessors. The trial judge heard the remarks and did not find them prejudicial. We can find no abuse of discretion in his action and therefore find no reversible error. Boecking Construction Company v. Callen, Okl., 321 P.2d 970; Aderhold v. Stewart, 172 Okl. 72, 46 P.2d 340.

Affirmed.

All Justices concur.