**Jay E. DIRICKSON, an Oklahoma resident, Appellant,**

v.

**Scott Alan MINGS, an Oklahoma resident and Farmers Insurance Company, Inc., Appellees.**

No. 83163.

Supreme Court of Oklahoma.

Jan. 16, 1996.

John E. Vitali, Hornbeek, Krahl & Vitali, Oklahoma City, for Appellant.

Randy D. Witzke, Edmonds, Cole, Hargrave, Givens & Witzke, Oklahoma City, for Appellees.

ALMA WILSON, Chief Justice:

The issue in this case involves whether parking a disabled vehicle on a city street constitutes a mere condition or the proximate cause of a traffic accident that subsequently occurs. Because the facts are not in dispute, the question is whether summary judgment is proper. We find that more than one conclusion could reasonably be drawn from the facts, and therefore summary judgment is improper.

## I. SUMMARY OF FACTS AND PROCEDURAL HISTORY

Shortly before midnight on February 3, 1993, the appellee, Scott Alan Mings, was driving his 1965 Ford pickup to work on Memorial Road in Oklahoma City when he experienced engine trouble. The pickup coasted into the right hand lane and up against the curb. The pickup was not equipped with emergency flashers. Mings testified by deposition that the vehicle lights were not designed to work when the ignition is off and the keys are out. He took the keys with him to get into his place of employment, the grounds of which were only a few yards from where the vehicle came to rest. He went to summon the plant tow truck, which came within ten minutes.

The appellant, Jay E. Dirickson, was returning home in his car after playing pool with some friends at a nearby bar. He was following another car in the right-hand lane, headed west on Memorial Road between the Broadway Extension and Santa Fe. He testified by deposition that both he and the car in front of him were traveling between forty to forty-five miles per hour, when the other car suddenly swerved into the left lane. Dir-

ickson did not remember seeing or striking the parked pickup truck of Mings.

After Dirickson filed a lawsuit for negligence, Mings moved for summary judgment, which the district court granted. The court found that the negligence of Mings, if any, constituted a condition, and not a cause of the traffic accident. The Court of Appeals affirmed. Dirickson petitioned for certiorari, which this Court granted.

## II. CONDITION VERSUS CAUSE

Before the district court and the Court of Appeals, Mings prevailed on his summary judgment argument that his parked pickup truck was neither the proximate cause of the accident, nor of Dirickson's injuries. He argued that this Court has consistently held in similar factual situations that a disabled and/or illegally parked vehicle constitutes a mere condition, not a cause of an ensuing accident. He then cites seven Oklahoma cases involving collisions with vehicles stopped on the roadway to support his argument.[1]

The Tenth Circuit Court of Appeals has applied what it has called the Oklahoma "Mere Condition Rule" to rear end collisions with negligently parked vehicles, and has sustained trial court rulings that as a matter of law, the act of negligent parking is nonactionable in view of the subsequent superseding act of the rear end collision. *John Long Trucking v. Greear*, 421 F.2d 125, 127 (10th Cir.1970). But the court observed that not everyone who negligently parks his vehicle is relieved of all liability when another negligently collides with it. The court reasoned that an intervening act may or may not supersede the antecedent negligence, depending upon a variety of situations. *John Long Trucking*, 421 F.2d at 127.

"Parked car cases"[2] do not have special rules, but are controlled by the gener-

---

1. They are *Thur v. Dunkley*, 474 P.2d 403 (Okla. 1970); *Woodward v. Kinchen*, 446 P.2d 375 (Okla.1968); *Evans v. Caldwell*, 429 P.2d 962 (Okla.1967); *Pepsi–Cola Bottling Co. v. Von Brady*, 386 P.2d 993 (Okla.1963); *Mote v. Hilyard*, 358 P.2d 844 (Okla.1961); *Cheatham v. Van Dalsem*, 350 P.2d 593 (Okla.1960); and *Sturdevant v. Kent*, 322 P.2d 408 (Okla.1958). He additionally

cited two federal cases: *Vogt v. General Telephone Co. of the Southwest*, 413 F.Supp. 4 (E.D.Okla.1975); and *Beesley v. United States*, 364 F.2d 194 (10th Cir.1966).

2. *Atherton v. Devine*, 602 P.2d 634, 636 (Okla. 1979).

al rules of negligence law. "Negligence is the failure to observe for the protection of the interests of another person, that degree of care, precaution and vigilance, which the circumstances demand, whereby such other person suffers injury." *Nehring v. Russell*, 582 P.2d 67, 73 (Wyo.1978). The elements of negligence are (1) the existence of a duty on the part of a defendant to protect the plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting from the violation. *Sloan v. Owen*, 579 P.2d 812, 814 (Okla.1977). Concerning duty of care, a driver of a motor vehicle must, at all times, use that degree of care which is reasonable and prudent under the circumstances. *Agee v. Gant*, 412 P.2d 155, 159 (Okla.1966). Therefore, a failure to exercise that degree of care which results in injury to another is actionable negligence.

Dirickson argued to the trial court that Mings failed to warn oncoming vehicles pursuant to 47 O.S.1991, § 11–1001,[3] and additionally failed to employ any warning device pursuant to 47 O.S.1991, § 12–408.[4] Although we do not decide whether either of the cited statutes were violated,[5] a violation of a statute or city ordinance constitutes actionable negligence only where the injury is the proximate result of the violation. *Woodward v. Kinchen*, 446 P.2d 375, 377 (Okla.1968). A negligent or careless act is not necessarily actionable negligence. *Woodward*, 446 P.2d at 377. But Dirickson need not prove the violation of a statute to prove that Mings violated a duty of care in parking his pickup truck. We have held that a parked vehicle constituting a source of danger to other vehicles is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic, and the duty exists regardless of the reason for stopping. The driver of the stopped vehicle must take precautions reasonably calculated to prevent injury, whether by the use of lights, flags, guards, or other practical means. A failure to give such warning may constitute negligence, even in the absence of any specific duty imposed by governmental regulation.[6]

After the initial requirement that Dirickson prove a violation of the duty of care by Mings, the law requires that Dirickson prove that his injuries resulted directly and proximately from the violation of the duty of care. *Woodward*, 446 P.2d at 377. Proximate cause has also been called "direct cause." It has been defined in the Oklahoma

---

3. Title 47 O.S.1991, § 11–1001, entitled "Stopping, standing or parking outside of business or residence districts," provides:

   "(a) Upon any highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred (200) feet in each direction upon such highway.
   "(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

4. Title 47 O.S.1991, § 12–408(a), entitled "Display of warning devices when vehicle disabled," provides:

   "(a) Whenever any motor truck, passenger bus, truck-tractor, trailer, semitrailer or pole trailer, or any motor vehicle towing a manufactured home, is disabled upon the traveled portion of any highway or the shoulder thereof outside of any municipality at any time when lighted lamps are required on vehicles the driver of such vehicle shall display the following warning devices upon the highway during the time the vehicle is so disabled on the highway except as provided in paragraph (b)...."

5. Because Mings claims that his vehicle was disabled, and he was unable to avoid stopping and leaving his pickup truck, proof of such would come under the defense to 47 O.S.1991, § 1001, found in subsection b. Additionally, it is questionable whether 47 O.S.1991, § 12–408 applies since the section requires motor trucks, passenger buses, truck-tractors, trailers, semitrailers, pole trailers, or any motor vehicle towing a manufactured home to display warning devices when the vehicle is disabled. Mings' pickup truck does not appear to fit in any of these categories.

6. *Jones v. Farmer*, 369 P.2d 817, 820–821 (Okla. 1962), citing *R & S Auto Service v. McGill*, 205 Okla. 495, 498, 238 P.2d 1089, 1092 (Okla.1951). Both cases quote 60 C.J.S., Motor Vehicles, § 335, p. 779.

Uniform Jury Instructions as "a cause which, in the natural and continuous sequence, produces injury and without which the injury would not have happened." *Tomlinson v. Love's Country Stores,* 854 P.2d 910, 916 (Okla.1993). More traditionally, proximate cause has been defined in our cases as "the efficient cause which sets in motion the chain of circumstances leading to the injury." *Thur v. Dunkley,* 474 P.2d 403, 405 (Okla. 1970). *Thur* continues, "if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury." *Thur,* 474 P.2d at 405. "Foreseeability is an essential element of proximate cause in Oklahoma, and it is the standard by which proximate cause, as distinguished from the existence of a mere condition, is to be tested." *Atherton v. Devine,* 602 P.2d 634, 636 (Okla.1979). "A condition also begins with the breach of a duty of care. With a condition, however, the subsequent injury was neither foreseeable nor reasonably anticipated as the probable result of the breach." *Tomlinson,* 854 P.2d at 914. "The question of causation is one of fact for the jury unless there is no evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injuries." *Tomlinson,* 854 P.2d at 916.

To illustrate these principles, the facts and holdings of two cases among the parked car cases can be compared. The first case is *Sturdevant v. Kent,* 322 P.2d 408 (Okla.1958). Sollee, the employee of Sturdevant, drove a pickup truck to repair a roof at a school. When he pulled into the drive, about 8:00 a.m., his truck mired down and was stuck. He was able to back it out where the rear wheels were on the shoulder of the paving and the rear of the truck extended into the street several feet. He then left the vehicle. A short time later, Kent drove his pickup down the same street and collided with the rear part of Sturdevant's pickup, which was out in the street. Alleging violation of a city ordinance requiring motor vehicles to be parked parallel, and not obstruct travel, Kent received a jury verdict in his favor. This Court observed that Sturdevant's pickup oc-

cupied no greater part of the street than if it had been parked parallel. Twelve feet of the roadway were unobstructed, with no other vehicles in the vicinity. Kent testified that he had seen the pickup from 300 feet away, but assumed it was pulling into the driveway. The Court reasoned that the testimony revealed the proximate cause of the collision to be Kent's failure to look where he was going. *Sturdevant,* 322 P.2d at 410. A motorist that collides with another vehicle parked on the roadway is guilty of negligence proximately causing the collision if he could have seen the parked vehicle in time to avoid the collision. *Sturdevant,* 322 P.2d at 410. The Court found that the trial court erred in refusing to direct a verdict in favor of the defendants, and reversed and remanded the case.

By contrast, in the case of *England v. Kilcrease,* 456 P.2d 521 (Okla.1969), this Court affirmed a judgment for the plaintiff. The defendant's car stalled in the right-hand lane of traffic of a four-lane highway. The plaintiff, driving fifty-five to sixty miles per hour, was following a pickup truck in the right-hand lane, in her own pickup truck, when the pickup she was following suddenly pulled sharply from the right lane to the left to avoid the defendant's stalled car. The plaintiff collided with the rear of the defendant's car. The defendant asserted that the plaintiff was guilty of primary negligence which was the proximate cause of the accident due to the fact that she could have seen the stalled vehicle from a distance of up to 1500 feet. But the plaintiff testified that she was driving about 150 to 200 feet behind the first pickup when it darted out and just missed the stalled car.

The *England* Court then contrasted the facts of that case with *Sturdevant.* After the Court's observation that in *Sturdevant,* the plaintiff's own negligence through inattention was the proximate cause of the accident, the Court distinguished it from *England.* In *England* there was a conflict in the evidence as to the ability of the plaintiff to see the stalled vehicle in time to avoid it. There was evidence that the driver of the pickup immediately in front of the plaintiff first saw the defendant's car at a distance of 350 feet but did not realize it was completely stopped on

the highway until he was 100 feet from the vehicle. He had traveled a distance of some 250 feet before realization of the danger. The Court reasoned that if it took that same distance for the plaintiff to realize the danger traveling at the same speed as the other driver, she would not have had time to avoid a collision with the defendant's vehicle. The Court found that there was a conflict in the evidence before the trial court in *England.* It then stated the rule that "the question of whether the defendant's negligence is the proximate cause of the accident and injury to the plaintiff is one for the jury where the evidence is conflicting or where men of ordinary intelligence might differ as to the effect of the evidence on such issue." *England,* 456 P.2d at 523. The Court then found that the questions of negligence and proximate cause were properly submitted to the jury.

The application to the case at bar of the contrast between the *Sturdevant* and *England* cases is obvious. The facts of the case at bar are nearer that of *England* than any of the cases cited by Mings. There is a fact question as to whether or not Dirickson's ability to see Mings' pickup was obscured by the vehicle in front of Dirickson. Because there is a fact question, with the potential for different inferences from the facts available, summary judgment is improper. Causation traditionally lies within the realm of fact, not law. *Atherton,* 602 P.2d at 637. Whether the actions of Mings were negligent, and if negligent whether the consequences could have been reasonably foreseen or anticipated are jury questions. "[T]he question of reasonable foreseeability of an intervening act or agency causing subsequent injury is to be determined by the jury." *Atherton,* 602 P.2d at 637. This cause must be REVERSED AND REMANDED for trial.

KAUGER, V.C.J., and HODGES, LAVENDER, OPALA and SUMMERS JJ., concur.

SIMMS, concurs in result.

WATT, J., dissents.

HARGRAVE, disqualified.