## CLEVELAND et al. v. STANLEY.

No. 20567. Opinion Filed March 8, 1932.

Bond & Bond, for plaintiffs in error.

H. B. Lockett, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, against plaintiffs in error, herein referred to as defendants, in an action to recover damages alleged to have been caused by the negligence of defendants in stopping a truck upon a paved highway.

The negligence charged in the petition is, in substance, that defendants had stopped a motor vehicle, a truck loaded with hay, upon a paved highway about one and one-half miles south of Duncan, with the left wheel thereof less than three feet from the center of the pavement, and permitted same to remain in that position after dark without any lights on the rear end of said truck.

The petition alleged that plaintiff, while driving a Ford automobile along said highway, approaching the truck from the rear, collided therewith, causing the damage sued for. The trial was to a jury, resulting in a verdict for plaintiff in the sum of $650.

There are eight assignments of error, all presented in the brief upon two general propositions. One is that there is not sufficient evidence tending to prove that negligence alleged was the proximate cause of the injury, and the other is that plaintiff was clearly guilty of contributory negligence.

There is no conflict in the evidence except upon the question of whether or not defendants stopped their truck upon the paved highway within less than three feet of the center line of the paved portion and permitted same to remain so until after dark. Upon this point the evidence is in sharp conflict and is admitted to be so by defendants in their brief. There is no contention that there was any light placed upon the rear end of the truck. There is some conflict in the evidence as to whether the collision occurred before or after dark. However, all the evidence tends to show that all the automobiles or motor vehicles upon the highway at or near the scene and at the time of the collision were lighted except the truck of the defendants. There is no contention that there is insufficient evidence reasonably tending to prove the alleged acts of negligence, the contention being that such acts of negligence were not shown to be the proximate cause of the injury.

Defendants cite a number of cases which hold that where recovery is sought by a plaintiff who alleges the damage or injury was caused by the negligence of defendant, the burden is upon plaintiff to prove the negligence of the defendant and that such negligence was the proximate cause of the injury.

That such is the law all must concede. But defendants cite no case which holds that under a state of facts such as was shown by the plaintiff's evidence the negligence charged and proved was not the proximate cause of the injury. Defendants suggest that under the evidence showing that at the time the collision occurred rain was falling, and just prior thereto an automobile with bright headlights was approaching from the opposite direction so as to blind the occupants of plaintiff's automobile, the rain and bright lights upon the approaching automobile must have been the proximate cause of the injury.

In C., R. I. & P. Ry. Co. v. Nagle, 55 Okla. 235, 154 P. 667, it was held:

"The test of whether an act was the remote or proximate cause of the injury complained of is whether the injury was one to be anticipated."

And:

"In order that an act of negligence may be deemed the proximate cause of an injury, it must be such that a person of ordinary intelligence would have foreseen that the injury was liable to be produced in the act."

It cannot be said as a matter of law that a person of ordinary intelligence would not have foreseen that a collision such as hap-

274

pened here was liable to be produced by stopping a large truck loaded with hay on a paved highway within three feet of the center thereof and permitting same to remain in such position after dark.

In St. Louis & S. F. Ry. Co. v. Bell, 58 Okla. 84, 159 P. 336, it was held:

"While the negligence of defendant and the act of a third person concur to produce the injury complained of, so that it would not have happened in the absence of either, the negligence is the proximate cause of the injury."

In C., R. I. & P. Ry. Co. v. McKone, 36 Okla. 41, 127 P. 488, it is held:

"A defendant is not liable for damage resulting solely from an act of God; but if the defendant's negligence is a present contributing proximate cause, which, commingled with the act of God, produces the injury, then defendant is liable notwithstanding the act of God."

These cases settle the question adversely to the contention of the defendants.

The question of whether plaintiff was guilty of contributory negligence was submitted to the jury by the court under instructions not objected to by defendants.

The verdict of the jury is binding upon all on this question and is made so by section 6, art. 23, of the Constitution. This rule is so well settled in this state as not to call for argument or citation of authorities.

There being no error, the judgment is hereby affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., dissents.

Note.—See under (1), (2), 22 R. C. L. 119 et seq.; R. C. L. Perm. Supp. p. 5179; R. C. L. Pocket Part, title Proximate Cause, § 8. (4), 22 R. C. L. 131; R. C. L. Perm. Supp. p. 5181; R. C. L. Pocket Part, title Proximate Cause, § 17. (5), 20 R. C. L. 166; R. C. L. Perm. Supp. p. 4849; R. C. L. Pocket Part, title Negligence, § 140.