**Nettie Mae WOODWARD, Plaintiff in Error,**

v.

**C. J. KINCHEN, Defendant in Error.**

No. 41651.

Supreme Court of Oklahoma.

Oct. 29, 1968.

John H. Kennedy, Oklahoma City, for plaintiff in error.

Carl E. Moslander, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal by Nettie Mae Woodward (plaintiff below) from an order and judgment of the lower court sustaining the demurrer of C. J. Kinchen (defendant below) to plaintiff's evidence and dismissing her action for damages for personal injuries resulting from a collision between an automobile Kinchen was driving, in which plaintiff was a passenger, and another automobile operated by one Emmett Brazile, a minor. The demurrer was sustained on the ground that plaintiff's evidence was insufficient to prove a cause of action against the defendant Kinchen. We will refer to the parties to this appeal as "plaintiff" and "defendant," or by name.

Plaintiff initially filed suit for damages against the defendant Kinchen and also against Brazile. Plaintiff alleged in her petition that she was a passenger in a car being driven by defendant Kinchen in a westerly direction on Northeast 41st Street in Oklahoma City, and that the car was struck by a car which was being backed in an easterly direction on Northeast 41st Street by Brazile, and that plaintiff was thereby injured. Plaintiff alleged the collision was proximately caused by the combined and concurrent negligence of both drivers. Plaintiff charged the defendant

Kinchen was negligent because he failed to devote full time and attention to his driving in that he was looking to the left and speaking to a driver traveling east on Northeast 41st Street immediately prior to the collision, which was in violation of a City ordinance requiring the operator of a vehicle while driving along a street to devote full time and attention to such driving. Plaintiff charged Brazile was negligent in that he was backing his car at a speed of approximately 35 miles per hour in a careless and reckless manner, in violation of an ordinance limiting backing of a vehicle to movement that can be made with reasonable safety and without interfering with other traffic.

The defendant Kinchen's answer consisted of a general denial, an admission that the accident occurred and charged the negligence of Brazile was the sole cause of the accident. Kinchen also pleaded unavoidable accident and sudden emergency.

The testimony and photographs show that the accident took place on Northeast 41st Street where it passes through what appears to be a small settlement with small concrete block business structures set back from the street on the north side. It further appears that the street was of dirt with some gravel with no well defined line between the portion used for travel and that used for parking vehicles. The investigating police officer stated that the portion of the street that appeared most heavily traveled was 21 feet wide. It was shown that the accident took place about opposite a small cafe about 7 p. m. on Sunday while it was daylight.

The plaintiff testified she was riding in the front seat of the car Kinchen was driving west on 41st Street and that he stopped the car beside another car that was headed east, which also stopped, so that both cars were side by side with the two drivers facing each other; that Kinchen carried on a conversation with the occupant of the other car for about 10 or 15 minutes, during which time she sorted some invitations she had with her; that

Kinchen's car was "just a little on the left side" of the center line; that plaintiff heard a loud noise up front from a car's racing motor and the car (Brazile's car) started backing east at a high rate of speed from a point about 100 feet to the west, and plaintiff hollered a warning to Kinchen; that the Brazile car was backing and swerving at a speed of "35 or 40 or 45 or 50 miles" and hitting cars until it struck the Kinchen car and injured plaintiff. Plaintiff testified there were cars in the line of traffic to the rear of the Kinchen car.

The testimony of the police officer was that he found the Brazile car had struck and damaged the left front and side of a pickup truck that was parked on the north side of the street, and had struck and damaged the right rear side of the Kinchen car, and that when he arrived at the scene of the accident the Brazile car was still standing between and in contact with the pickup truck to the north and the Kinchen car to the south. The officer also testified that a car parked on the north side of the street and about 20 to 25 feet west of the pickup truck had sustained damage to its left or south side. The plaintiff called the defendant Kinchen as a witness and he testified his car was moving at all times and that he turned left as far as he could when he saw Brazile was not going to stop.

Plaintiff concluded her evidence and rested at end of the first day of the trial and Kinchen interposed a demurrer to the evidence. The lower court sustained the demurrer. The next day, upon resumption of the trial as to the defendant Brazile and in the absence of Kinchen and his attorney and witnesses, the plaintiff applied for leave to amend her pleadings to conform to the proof to plead Kinchen had stopped his car in the street in violation of 47 O.S.1961, § 11–1003(a), par. 12, which prohibits the stopping, standing or parking of a vehicle on the roadway side of any vehicle stopped or parked at the edge or curb of a street. The trial court denied the application. Plaintiff then refused to proceed further with the trial against Bra-

zile and the court dismissed the action against Brazile without prejudice.

Plaintiff contends the trial court abused its discretion in refusing to allow plaintiff to amend her pleadings in the above particulars, and further that the judgment sustained the demurrer of Kinchen is not sustained by the evidence and is contrary to law.

Our disposition of this appeal eliminates any need to determine whether the court erred in denying plaintiff's application to amend her pleadings.

If we consider as true all the evidence favorable to plaintiff, together with all inferences reasonably to be drawn therefrom, and disregard all conflicting evidence favorable to Kinchen, it appears that plaintiff's evidence was sufficient to show Kinchen may have been negligent in stopping his car on the roadway side of the pickup truck that was parked to his right. The plaintiff testified positively that the Kinchen car was stopped in the street and that it stood there for some minutes before the accident. If we accept plaintiff's testimony as to the high rate of speed the Brazile car was backing up, then only one or two seconds elapsed while the Brazile car was racing backward. Under the circumstances, it is obvious that if Kinchen had not stopped but had proceeded on, the collision would not have occurred and plaintiff would not have been injured. However, the law requires that the injuries of plaintiff result directly and proximately from the negligence of the defendant Kinchen.

In Pepsi-Cola Bottling Co. of Tulsa, Okl. v. Von Brady, Okl., 336 P.2d 993, we held that although the violation of a statute or city ordinance may be a negligent act, the violation does not constitute "actionable negligence" unless the injury complained of is the proximate result of such violation.

In the Pepsi-Cola Bottling case we stated that liability cannot be predicated on a prior and remote cause which merely furnishes the condition for an injury resulting from an intervening, unrelated and

efficient cause. We further stated therein that an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is the standard by which the existence of a condition is tested.

■ The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury and if the negligence merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury. Cheatham v. Van Dalsem, Okl., 350 P.2d 593; Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501; Evans v. Caldwell, Okl., 429 P.2d 962; and Pepsi-Cola Bottling Co. of Tulsa, Okl. v. Von Brady, supra.

It is our conclusion that under the circumstances in the instant case the negligence of Kinchen merely furnished a condition by which the injury was possible, and the subsequent independent acts of Brazile caused the injury.

Plaintiff contends that the negligence of Kinchen and the acts of Brazile concurred to produce the plaintiff's injury, and the negligence of Kinchen was the proximate cause of the injury. We do not agree. The negligence of Kinchen merely furnished a condition by which the injury was possible and the injury resulted from the intervening and unrelated acts of Brazile in backing his car at a high rate of speed for a distance of about 100 feet. It is our opinion that the injury could not have been foreseen nor reasonably anticipated as the probable result of Kinchen stopping his car in the street. Not only could the action of Brazile not be foreseen, but it was the sole and only cause of the collision and therefore the proximate cause.

Plaintiff cites Cleveland v. Stanley, 155 Okl. 272, 9 P.2d 10, to sustain the contention that Kinchen should have foreseen that the injury to plaintiff was liable to be produced by his act of stopping in the street. The facts are not the same. In the cited case the driver of a motor truck, loaded with hay, stopped the truck on the paved highway and permitted it to remain there after dark without lights on the rear end. Plaintiff was driving his car on the highway, approaching the truck from the *rear*, and collided with the truck's *rear*. We said that it could not be said as a matter of law that a person of ordinary intelligence, under these circumstances, would not have foreseen that such a collision was liable to be produced. In the present case it was daylight and Kinchen's car was struck by a car *backing* at a high rate of speed toward the *front* of the Kinchen car.

■ In Cheatham v. Van Dalsem, supra, we stated that where the admitted facts fail to show a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court.

■ We can only conclude from the evidence that while Kinchen may have been negligent in stopping his car in the street, it is not shown that such act was the proximate cause of the injury. The evidence does not show a causal connection between Kinchen's act and plaintiff's injury. Under the admitted facts the determination of proximate cause was a question of law and the court did not err in sustaining the defendant Kinchen's demurrer to plaintiff's evidence.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., dissents.