421 F.2d 125
 JOHN LONG TRUCKING, INC., Gerald Ray Brown and Imperial
Casualty and Indemnity Company, Appellants,
v.
Jean GREEAR and Claudelle J. Greear, by Her Mother and Next
Friend, Jean Greear, Appellees.
 No. 9869.
 United States Court of Appeals Tenth Circuit.
 Jan. 27, 1970.
 
 Alex Cheek, Oklahoma City, Okl. (Cheek, Cheek & Cheek, James Gray, Oklahoma City, Okl., with him on the brief) for appellants.
 Paul Pugh, Oklahoma City, Okl. (Al Pugh, Oklahoma City, Okl. and Anthony J. Scalora, Sacramento, Cal., with him on the brief) for appellees.
 Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.
 MURRAH, Chief Judge.
 
 
 1
 Claude Greear was killed when a car in which he was a passenger crashed into the rear of a large semitrailer truck parked on an access road to Interstate 40 in Del City, Oklahoma. This resulting diversity suit was brought by Jean and Claudelle Greear, as surviving widow and child, for wrongful death against the driver of the truck, Gerald Brown; the employer of the truck driver, John Long Trucking, Inc.; its insurance carrier, Imperial Casualty and Indemnity Company; and Bonita Luttrell, driver of the automobile in which the decedent was riding. Defendant Luttrell crossclaimed for personal injury and property damage against her three co-defendants; John Long Trucking, Inc., in turn, counterclaimed against Defendant Luttrell for property damage to the trailer-truck.
 
 
 2
 The plaintiffs alleged that the truck driver negligently parked the trailer-truck at the time and place of the accident in violation of a Del City Ordinance, failed to exercise ordinary care under the circumstances by not leaving the parking lights on or placing flares out, and negligently left the truck parked with dirty reflectors on the rear of the trailer which could not be seen by drivers of approaching cars; that Luttrell was negligently driving in excess of the speed limit and failed to exercise ordinary care in the control of her automobile so as to stop within the clear distance ahead, in violation of Del City Ordinances; and that the joint and concurrent negligence of the truck driver and Luttrell was the proximate cause of the accident and resulting death. In her crossclaim Luttrell alleged the same acts of negligence against the truck driver as did the plaintiffs and in its counterclaim, John Long Trucking, Inc., alleged the same negligent act against Luttrell with the additional allegation that she was driving under the influence of alcohol.
 
 
 3
 By way of defense, the trucking defendants assert that the truck as parked upon the access road in violation of the ordinance was a mere condition, and that Luttrell's negligence superseded their negligence as the sole proximate cause of the accident. In her defense, Luttrell denied negligence and pleaded the negligence of the truck driver as the sole proximate cause. Luttrell and John Long Trucking, Inc., asserted substantially the same defenses for the cross and counterclaims against each other as each had asserted as defenses against the claims of the plaintiffs.
 
 
 4
 The jury returned a verdict in favor of the plaintiffs against all the trucking defendants but not against Defendant Luttrell. The jury also returned a verdict in favor of Luttrell on her cross-claim against John Long Trucking, Inc. It is thus apparent that the jury believed the negligence of the truck driver was the sole proximate cause of the accident.
 
 
 5
 The trial court conventionally instructed the jury in accordance with the trucking defendants' theory of the case to the effect that for the plaintiffs to recover they must not only prove that the truck was negligently parked but that such negligence was the proximate cause of the harm. The Court then proceeded to define proximate cause in language which we construe and understand to mean simply that the harm complained of must be the natural and probable consequence of the negligence uninterrupted by any other unforeseeable intervening act. Making application of this definition of proximate cause to our case, the jury was instructed in substance and effect that even though they found that the truck-trailer was negligently parked, if they also found that the Luttrell act of colliding with the rear end was an unforeseeable, superseding cause of the accident, then such act would not be the proximate cause but a mere condition for which no liability would attach to the trucking defendants. And see Woodward v. Kinchen, 446 P.2d 375, (Okl.) paraphrasing Pepsi-Cola Bottling Co. of Tulsa, Oklahoma v. Von Brady, 386 P.2d 993, (Okl.) Cf. Restatement (Second) of Torts, 440-441-442 (1965). No objections were made to these instructions and no one quarrels with them here. Rather the trucking defendants insist that the trial court should have ruled for them as a matter of law on the established facts.
 
 
 6
 The sufficiency of the facts to make out a case of proximate cause is, of course, a matter for the trial court to decide in the first instance and we should not disturb its ruling unless we are convinced that its decision was clearly erroneous. Chicago, Rock Island, & Pacific Ry. Co. v. Howell, 401 F.2d 752 (10th Cir.); C.H. Codding & Sons v. Armour & Co., 404 F.2d 1 (10th Cir.). See also Restatement (Second) of Torts, 453 (1965).
 
 
 7
 We have recently applied the Oklahoma 'Mere Condition Rule' to rear end collisions with negligently parked vehicles and have sustained the trial court's ruling that as a matter of law, the act of negligent parking was non-actionable in view of the subsequent superseding act of the rear end collision. See Beesley v. United States, 364 F.2d 194 (10th Cir.), and Haworth v. Mosher, 395 F.2d 566 (10th Cir.). But this does not mean that everyone who negligently parks his vehicle is relieved of all liability when some other person even negligently collides with his vehicle. The intervening act may or may not supersede the antecedent negligence depending upon a variety of situations which we have no need to explore here, but see Restatement (Second) of Torts, 440-453 (1965). It is sufficient to the decision in our case to observe that foreseeability is an essential element of proximate cause in Oklahoma and that it is the standard by which the proximate cause, as distinguished from the existence of a mere condition, is to be tested.[1]
 
 
 8
 In the alternative, the trucking defendants assert that they are entitled to a new trial because the trial court did not allow Defendant Luttrell and the trucking defendants, whose interests are adverse, to each exercise three separate jury challenges. Counsel for the trucking defendants, on voir dire, specifically requested three peremptory challenges for each hostile defendant in view of their 'conflicting positions' and suggested that this was discretionary with the trial court. But the trial judge was 'surprised' at the request and highly impatient with counsel, stating that in cases involving multiple plaintiffs or defendants, only three peremptory challenges to the side were permissible under 'settled law.' We must respectfully disagree with the trial judge for 28 U.S.C.A. 1870 expressly provides: 'In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.' The deliberate use of the word 'may' is intended to confer a judicial discretion in the trial court. See 1959 U.S.Cong.News, p. 2594. And any party is of course entitled to the exercise of that discretion. See Globe Indemnity Company v. Stringer, 190 F.2d 1017 (5th Cir.). Refusal upon request to exercise the statutory discretion may very well result in substantial impairment of the ancient right with consequent denial of the constitutional right to a fair and impartial jury. See Photostat Corporation v. Ball, 338 F.2d 783 (10 Cir.).
 
 
 9
 As it first came to us, the record indicated that counsel for the trucking company had exercised all of the statutorily allowed peremptory challenges and that the other defendant had requested none. On this state of the record we concluded that the trucking company had suffered no prejudice because of the refusal of the court to exercise its statutory discretion and affirmed the judgment. On petition for rehearing, however, counsel for the trucking company insisted that when he exercised the peremptory challenges he had spoken as one voice for both defendants, after 'conferring together' pursuant to the court's directions. On the basis of this representation the judgment was vacated and the case remanded with directions to appropriately ascertain and certify to this court whether the defendants did, pursuant to order of the court, confer together and did through one voice peremptorily excuse each of the three jurors which the record indicates were excused by the voice of the attorney for the trucking company. The record now certified here shows that each of the defendants peremptorily excused one prospective juror and that the parties agreed on the third challenge. It is thus apparent that the trucking company was not accorded its three peremptory challenges as requested and as the record first seemed to indicate. In this posture the failure of the trial court to exercise the discretion committed to it by Section 1870, 28 U.S.C., did, we think, prejudicially affect the trucking company's full freedom of its ancient right to peremptorily challenge prospective jurors. The case must accordingly be reversed and remanded for a new trial.
 
 
 10
 As another ground for a new trial the trucking defendants assert that the injection of the insurance carrier into the case was unwarranted and prejudicial. In the first place the joinder of the insurance carrier was permitted by Section 169, Title 47 of the Oklahoma Statutes. And it suffices to say that we agree with the trial court's analysis of Oklahoma law on this question. See, Id., 272 F.Supp. 224.
 
 
 11
 The judgment is reversed and remanded.
 
 
 
 [1]
 We recognized the foreseeability element of proximate cause in Beesley and Haworth, and in Woodward v. Kinchen, supra, the most recent Oklahoma case since we last visited the question, Mr. Justice Davison succinctly restated the mere condition concept in Oklahoma and its relationship to proximate cause: '* * * liability cannot be predicated on a prior and remote cause which merely furnishes the condition for an injury resulting from an intervening, unrelated and efficient cause * * * (and) an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is the standard by which the existence of a condition is tested.' See generally 19 Okla.L.Rev. 111 (1968). See also Restatement (Second) of Torts, 447 (1965)