**O. D. STONECIPHER, Plaintiff-Appellant,**

v.

**Kenneth B. CHARON, Defendant-Appellee.**

**No. 193–70.**

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1971.

Lonnie W. Brown, McAlester, Okl., for plaintiff-appellant.

Frank H. Jaques, Ada, Okl. (Lambert, Roberts, Jaques & Heard, Ada, Okl., of counsel, on the brief), for defendant-appellee.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant Stonecipher was involved in two successive Oklahoma automobile accidents. He brought suit against the driver of each of the other cars on the theory that they were joint tort-feasors. The district court granted a directed verdict in favor of the driver in the first accident and against the driver in the second accident. This appeal attacks the directed verdict for the driver in the first accident. Jurisdiction is based on diversity.

Shortly after dark, plaintiff was driving southeasterly on a dry, surfaced highway. Defendant-appellee Charon came from a side road and sideswiped the right side of plaintiff's car which came to rest on the left or northerly lane of the highway. Plaintiff testified that in this collision he received a "jolt or jar" and was "numb" and "addled." Charon suggested that plaintiff move his car but he did not do so, preferring to await the arrival of officers. Plaintiff took a flashlight from his car and

went 20-30 feet in front of it to signal oncoming traffic. Several motor vehicles passed the scene of the accident.

Some eight to fifteen minutes after the first accident, plaintiff heard a car coming from the southeast at a high speed. He then left his vantage point and ran to the rear of his car. The oncoming car, driven by Browne, hit the plaintiff's car which was forced back and struck the plaintiff at about the belt line. The blow knocked the plaintiff down and he was temporarily unconscious. Another car driven by Prough then hit the rear of the Browne car but did not drive it into the plaintiff's car. The injuries were to plaintiff's back, neck, and a finger.

A highway patrolman arrived about 20 minutes later. He testified that he asked if anybody got hurt in the first accident and that the plaintiff's wife, in the presence of the plaintiff, said no. There is no denial of this statement.

An insurance investigator talked to plaintiff at the home of plaintiff's uncle two days after the accident. The investigator testified that plaintiff told him that "he [plaintiff] received no injury as a result of the first collision, but that he did receive injury as a result of the second or third collision." When examined about this statement, the plaintiff said that he had no recollection about it and could neither affirm nor deny it.

The doctor who examined and treated the plaintiff said:

"He [plaintiff] stated that in the course of this accident· that he had been struck in the abdomen and he had been thrown into a ditch in a portion of the accident, and that he had had pain in his back since the onset of the accident."

The attention of the doctor was directed to the two accidents and he testified that he could not say what part of the plaintiff's complaints were caused by one or the other.

In sustaining Charon's motion for a directed verdict, the trial judge referred to the first accident and said that the evidence "does not point to any damages resulting from those injuries on the part of Mr. Stonecipher." He also said that if a verdict were returned against Charon he would have "to set it aside as not supported by sufficient evidence."

The plaintiff's claim is based on successive, not concurrent, independent acts of negligence. The problem presented is baffling and important. The Oklahoma rule, most recently restated in Woodward v. Kinchen, Okl., 446 P.2d 375, 377–378, that "liability cannot be predicated on a prior and remote cause which merely furnishes the condition for an injury resulting from an intervening, unrelated and efficient cause," has been considered and applied by us. See Beesley v. United States, 10 Cir., 364 F.2d 194, 196; Haworth v. Mosher, 10 Cir., 395 F.2d 566, 568–569, and John Long Trucking, Inc. v. Greear, 10 Cir., 421 F.2d 125, 127. In our opinion that rule is not controlling here. The question is not one of an independent intervening cause which breaks the chain of causation from the original negligent act. Rather, it is one of two independent and tortious acts which were neither joint nor concurrent. We believe that the answer depends on whether injuries received in the two torts are divisible.

This conclusion is not at odds with the authorities cited by the plaintiff. Hall v. Coble Dairies, Inc., 234 N.C. 206, 67 S.E.2d 63, turned on whether there was an efficient intervening cause. Murphy v. Taxicabs of Louisville, Inc., Ky., 330 S.W.2d 395, involved a chain collision with indivisible injury. The whole subject is comprehensively analyzed in Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33, which recognizes the difference between divisible injuries from distinct harms and those which are not divisible.

■ We believe that the correct rule is that when a person receives injuries as the result of independent and tortious acts of two others, the question of joint or severable liability depends on whether a rational division can be made of the injuries sustained in the separate torts. Cf. Prosser Torts 3rd Ed. HB, pp. 250

and 254, and 6 Blashfield Auto Law 3rd Ed. § 257.5, p. 582. The burden of proving divisibility is on the defense.

On the facts presented, Charon has sustained that burden. This appears from the acts of the plaintiff between the two accidents, from the statement of plaintiff's wife in her husband's presence to the patrolman, and from the statement of the plaintiff to the investigator two days after the accident. The inability of the doctor to assign the injuries to one or the other accident was based on the history given him by the plaintiff and does not detract from the conclusion which we have reached.

In the determination of a motion for a directed verdict the trial court must view the evidence in the light most favorable to the opposing party and may not direct a verdict "unless the evidence points all one way and is susceptible of no reasonable inferences which sustain the position of the party against whom the motion is made." Christopherson v. Humphrey, 10 Cir., 366 F.2d 323, 326. With this rule in mind we have reviewed the record and agree with the trial court.

Affirmed.