Charlene LONG and Don A. Long, Appellants,

v.

PONCA CITY HOSPITAL, INC., a domestic corporation, Appellee.

No. 48086.

Supreme Court of Oklahoma.

Feb. 27, 1979.

Rehearing Denied May 15, 1979.

Berry, Nesbitt & Berry, Oklahoma City, for appellants.

Calvin W. Hendrickson, Gary M. Chubbuck, Pierce, Couch, Hendrickson & Short, Oklahoma City, for appellee.

BARNES, Justice.

Charlene Long and her husband, Don, brought a negligence action against Ponca City Hospital, Inc. The negligence action grew out of the improper placement of a catheter while Ms. Long was in the hospital. Ms. Long was admitted to Ponca City Hospital for surgery, including a hysterectomy, and a Marshall-Marchetti-Krantz procedure. The attending physician, not a party to the suit, gave written preoperative orders to the staff at the hospital directing that a catheter be inserted into Ms. Long's bladder. Contrary to the instructions, and to current standard medical practices, the catheter was inserted into Ms. Long's rectum, prior to surgery. During surgery, the attending physician, after discovering that the catheter was not placed in the bladder, removed the catheter, contaminating the operating field and the patient's incision with fecal material and bacteria.

Although Ms. Long's abdominal cavity was rinsed with a strong antiseptic solution following the contamination, she was later found to be suffering from an infection, internal adhesions, obstructions and other abnormalities allegedly caused by the contaminated operating field, and allegedly necessitating a second surgery and the removal of her Fallopian tubes and ovaries. Ms. Long alleged that her medical problems were proximately caused by the improper insertion of the catheter by members of the hospital staff.

As the action progressed, the hospital entered into a stipulation of fact, stipulating that the incorrect placement of the catheter constituted breach of duty to her and that the act constituted a lack of ordinary care. However, the stipulation recognized that the *hospital expressly denied that any of its acts were the proximate cause of the plaintiff's injuries.*

At trial, the hospital, among other things, offered evidence attempting to show that the fecal contamination did not cause the alleged injuries, and that the negligent act of the hospital, the misplacement of the catheter, was not the proximate cause of plaintiff's injuries, as the intervening negligent acts of the attending physician superseded their negligence.

In attempting to show that the actions of the attending physician were the proximate cause of the alleged damage, the hospital introduced expert testimony demonstrating that once the doctor had discovered that the catheter was not in the bladder, it was not necessary to remove the catheter in order to proceed with the surgical procedures involved; on the contrary, that it was negligent medical practice for the doctor to remove the catheter during the operation. The experts testifying on behalf of the hospital testified that the catheter should have been covered with a sterile surgical drape and left where it was until the surgery had been completed. Another witness testified that the placement of the catheter should have been checked by the attending physician prior to the beginning of surgery.

Based on this testimony, the hospital argues that any negligence on its part was not the proximate cause of the plaintiff's alleged injuries, as the independent intervening negligent acts of the doctor relieved

the hospital of any liability, since the acts of the treating physician constituted a true superseding cause.

After all evidence was presented, the jury was instructed that in determining whether the admitted negligence of the hospital was the proximate cause of the alleged injuries, it was to consider whether the negligence of the hospital had been superseded by the acts of a third party.[1]

The jury returned with a defendant's verdict, and the plaintiffs moved for a new trial, which was denied. The plaintiff then perfected this appeal which was referred by this Court to the Court of Appeals, Division No. 1, which held that it was reversible error for the trial court to have submitted the question of superseding intervening cause to the jury, and reversed and remanded for new trial only on the questions of causation and damages.

1. The Court's instructions on causation were contained in Instructions Nos. 3, 4, 5, 6 and 7.
Instruction No. 3 read:
"You are instructed that in open court counsel for the defendant has stated that there is no issue that the alleged negligent act of the hospital has occurred. You will, therefore, consider that the negligence of the hospital with respect to the placement of the Foley catheter in the rectum instead of the urethra of Charlene Long has been proved.
"You are further instructed to determine whether said negligence of the defendant hospital was the proximate cause for the damages allegedly suffered by the plaintiffs Charlene Long and Don A. Long, if any."
Instruction No. 4 read:
"In determining whether the admitted negligence was the proximate cause or whether superseded by that of a third party and therefore not the proximate cause, please be advised:
"The proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."
Instruction No. 5 read:
"When I use the expression 'proximate cause,' I mean that cause which, in natural or probable sequence brought about the injury or loss complained of."

The hospital petitioned this Court to grant a Writ of Certiorari, arguing that the decision of the Court of Appeals was contra to existing law in Oklahoma.

As we disagree with the opinion promulgated by the Court of Appeals, we grant certiorari to review the case. A succinct statement of the general principles regarding independent superseding cause is set forth in *Champlin Oil & Refining Co. v. Roever*, 477 P.2d 662, 665, 667 (Okl.1970). In that case, we stated:
"Omitting the authorities cited for the various stated principles, we quote these general principles of law:
" 'The general rule is that the causal connection between an act of negligence and injury is broken by the intervention of a new, independent and efficient cause, which was neither anticipated nor reasonably foreseeable. * * In such case the negligence of the original wrongdoer is not actionable because

Instruction No. 6 read:
"You are instructed that where the separate and independent acts of several persons or concerns combine and concur to produce a single injury, although concert of action between them may be lacking, each is responsible for the entire result even though the individual act or acts or omissions of each would not, or might not, be the sole cause of the injury and the resulting damage."
Instruction No. 7 read:
"The defendant hospital and its employees are liable in damages for the consequences of their negligent acts, *but only those consequences that were foreseeable to a reasonably prudent person at the time of the act.* (Emphasis added)
"If you find from a preponderance of the evidence that without the negligence of a third party, no injury would have been done to plaintiff by the defendant's negligence, you must return a verdict for the defendant, providing you find that the intervening act was the sole proximate cause of plaintiff's injuries, if any.
"If you find and believe from the evidence, or a preponderance thereof, that the negligence of the defendant was the proximate cause, or contributing proximate cause, to plaintiff's injury, the defendant would be liable to the plaintiff although the injurious result would not have happened except for the concurrent and contributing acts, or omissions, if any, of the surgeon . . . ."

it is only the remote, rather than the proximate, cause of the injury. * * Thus where a negligent act merely creates a condition making an injury possible, and a subsequent independent act causes the injury, the original act of negligence is not ordinarily the proximate cause thereof. * * *

" 'However, in order to relieve the one guilty of the first act of negligence of responsibility, the intervening cause must entirely supersede the original negligence. In other words, it must be independent of the original act and adequate of itself to bring about the injurious result. * * * Consequently where an act of negligence is not superseded by a second cause, but continues to operate, so that the injury is the result of both causes acting in concert, each act may be regarded as the proximate cause thereof. * * * And where separate and independent acts of negligence combine to produce an injury, each wrongdoer is responsible for the entire result. * * *

" 'Furthermore, *if the intervening cause was foreseen, or might reasonably have been foreseen, by the wrongdoer, his negligence may be considered as a proximate cause of the injury and he may be held liable notwithstanding the intervening cause.* In such case the negligence continues and operates contemporaneously with the anticipated intervening cause and may be regarded as a concurrent cause of the resulting injury. * * * *In such case, of course, it is not necessary that the precise form of the intervening cause should have been anticipated. It is enough if it could have been reasonably expected that a cause would intervene in a way likely to produce an injury similar to that actually suffered.* * *."
[Emphasis added]

In the case before us, the hospital argues that it could not possibly have foreseen that the doctor would have removed the catheter as he did, and that, therefore, the action of the doctor, which the hospital characterized as negligent, superseded the hospital's negligence, relieving the hospital of any liability. In making this contention, the hospital argues that the insertion of the catheter was merely a condition and not the cause of the injuries alleged, and that they had no duty under the law to anticipate the negligence of a third party.

We will first deal with the hospital's "condition versus cause" argument. This Court has often used a "condition versus cause" analysis in considering the proximate cause of an injury. The analysis has been used in a variety of contexts. For example, in *Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045 (1936)*, the analysis was used to hold that an employer drilling company who had not provided a stairway from a derrick platform approximately 5 feet off the ground, at the end of a runway, was not liable for injuries sustained by an employee who, despite the fact there were other ways to get down from the derrick, chose to jump from the platform. In that case, we held that the employer's failure to provide a stairway was not the proximate cause of its employee's injuries, as such failure merely furnished a condition. We held such to be the case, as there were adequate stairways furnished in other positions on the derrick, and it was the employee's independent choice to jump to the ground which was the cause of the injury. In a line of somewhat similar cases, the "condition versus cause" analysis has been used to deny recovery where defendant negligently parked an automobile or placed some obstruction in the road which was later hit by another driver while operating his or her motor vehicle.[2]

2. See, for example, *Thur v. Dunkley, 474 P.2d 403 (Okl.1970)*, (stopping of a car partially on the highway to fix a flat tire); *Evans v. Caldwell, 429 P.2d 962 (Okl.1977)*, (parking a car on a well-lit bridge); and *Transport Indem. Co. v. Page, 406 P.2d 980 (Okl.1963)*, (stopping of a truck on a road). But see *Ross v. Gearin, 145 Okl. 66, 291 P. 534 (1930)*, in which this Court stated in its syllabus:

"Defendant during the night drove his motor truck loaded with oil field machinery along Highway No. 66 in this state. The

As often as we have used the "condition versus cause" analysis, we have never fully defined those key terms nor, save on a few occasions, have we indicated how one distinguishes a cause from a condition. There is, however, authority which indicates that the distinction between a cause and a condition is the element of foreseeability. In *Pepsi-Cola Bottling Co. of Tulsa, Oklahoma v. Von Brady, 386 P.2d 993, 994 (Okl. 1964)*, we stated in our syllabus:

> "An injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is the standard by which the existence of a condition is tested. *If not foreseeable*, the act of negligence furnishes only a condition." [Emphasis added].

In that case, an action was brought against the owner of a truck parked in violation of city ordinance for injuries sustained when the plaintiff's automobile was allegedly forced to run into the parked truck by a third person crowding the plaintiff on the left by turning in front of plaintiff's automobile. In reversing a judgment for the plaintiff, entered by the trial court, who by stipulation was sitting as both trier of fact and law, we held that the defendant's negligent act of parking his truck in the no-parking zone merely furnished the condition and was not the cause of the injuries alleged. In so holding, we stated:

> "To our minds it is *not 'reasonably anticipated'* that a truck parked as this truck was will cause a third party to 'crowd' a motorist to such an extent that he will be forced to crash into the parked vehicle when the parked car could be seen for a long distance, and no such action by the third party had been indicated."

truck was not equipped with a lighting system which would function independently of the running or motion of the motor. His truck stopped by reason of the exhaustion of the gasoline supply, leaving the truck unlighted both in front and in the rear. The driver of the truck had an assistant with him. Neither he nor his assistant went back to warn the drivers of other vehicles of the obstruction on the highway. One of them left the truck in search of gasoline, and the other stayed with the truck and went to sleep. Plaintiff was driving his automobile in

[Quoting from page 997 of the opinion.] [Emphasis added]

In *Woodward v. Kinchen, 446 P.2d 375 (Okla.1968)*, we relied on our holding in *Pepsi-Cola v. Von Brady, supra*, reaffirming the fact that the distinction between a cause and a condition is the element of foreseeability. In the *Woodward* case, the evidence introduced by plaintiff, which was contradicted by defendant's testimony, indicated that the plaintiff had, while driving west on a street in Oklahoma City, stopped his car beside another car that was headed east, which was also stopped, so that both cars were side by side, with the two drivers facing each other, and that they carried on a conversation while in this position for ten or fifteen minutes. The plaintiff's evidence also indicated that defendant's car was just a little left of the center line, and that while in this position the front of defendant's car was struck by an automobile operated by a third party traveling in reverse at thirty-five to fifty miles an hour. Holding that the defendant could not have reasonably foreseen the actions of a third party traveling in reverse at a high rate of speed, we ruled that the actions of the defendant merely furnished the condition and was not the cause of the alleged injuries sustained as a result of the collision between the defendant's vehicle and the vehicle operated by the third party.

In *John Long Trucking, Inc. v. Greear, 421 F.2d 125, 127 (10th Cir. 1970)*, the Court of Appeals (10th F.C.), in discussing Oklahoma law with respect to condition versus causation, stated:

> "We have recently applied the Oklahoma 'Mere Condition Rule' to rear end

the direction in which the truck was headed and, on meeting another car whose lights obscured his vision until he was too near defendant's truck to avoid a collision, a collision occurred between plaintiff's car and defendant's truck and the approaching automobile resulting in certain injuries to plaintiff and his automobile. *Held* that whether the defendant was negligent and whether the negligence of defendant was the proximate cause of the injuries which plaintiff sustained were properly left to the jury by the trial court."

collisions with negligently parked vehicles and have sustained the trial court's ruling that as a matter of law, the act of negligent parking was nonactionable in view of the subsequent superseding act of the rear end collision. See *Beesley v. United States, 364 F.2d 194 (10th Cir.)*, and *Haworth v. Mosher, 395 F.2d 566 (10th Cir.)*. But this does not mean that everyone who negligently parks his vehicle is relieved of all liability when some other person even negligently collides with his vehicle. The intervening act may or may not supersede the antecedent negligence depending upon a variety of situations which we have no need to explore here, but see Restatement (Second) of Torts, §§ 440–453 (1965). *It is sufficient to the decision in our case to observe that foreseeability is an essential element of proximate cause in Oklahoma and that it is the standard by which the proximate cause, as distinguished from the existence of a mere condition, is to be tested."* [Footnote omitted.] [Emphasis added]

■ In the case before us, the principal issue presented is whether the actions and damage subsequent to the misplacement of the catheter were foreseeable. If they were, under the principle stated above, the subsequent occurrences would not supersede the hospital's antecedent negligence. The hospital argues that they could not possibly have foreseen the doctor's actions, arguing that *the manner in which the doctor acted was negligent.*

In its opinion, the Court of Appeals held that the question of causation should not have gone to the jury, for the acts of the doctor, as a matter of law, did not supersede the hospital's negligence. We believe that under authority of the previously cited opinions the Court of Appeals was incorrect, for we believe a legitimate fact question existed as to whether the actions of the doctor were reasonably foreseeable. Thus, the trial court was correct in submitting the question of causation to the jury.

■ The appellant also contended that it was reversible error for the trial judge to fail to instruct the jury that the burden of proof was upon the defendant to prove the defense of intervening cause. Such a defense is not an affirmative defense. It is a denial of one of the essential elements of a cause of action in tort, i. e., that the injury was proximately caused by the defendant's negligence. See *Thur v. Dunkley, 474 P.2d 403 (Okl.1970)* where we stated:

"... the proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such a condition is not the proximate cause of the injury."

The plaintiff had the burden of proving proximate cause, but the defendant was certainly entitled to submit proof or argument to disprove proximate cause without the burden of proof shifting to it.

■ Plaintiff further contended that the trial court committed reversible error when it failed to instruct the jurors that they were not required to surrender their judgment to that of an expert witness. Such an instruction was not requested by the plaintiff and the jury was instructed that:

"You are to decide the facts. You are the sole judges of the credibility of the evidence and of the weight to be given to the testimony of each of the witnesses. In determining the credit to be given any witness, you may take into account the witness's ability, opportunity to know, memory, manner while testifying, and any interest, bias or prejudice the witness may have, and the reasonableness of the witness's testimony considered in the light of all the evidence in the case."

In *Chickasha St. Ry. Co. v. Wund, 37 Okl. 582, 132 P. 1078 (1913)* this Court stated with respect to unrequested instructions that:

"... when we consider the fact that defendant requested no more specific charge on the defense of contributory negligence we are forced to the conclusion that it is without right to complain."

We find that the trial court did not commit reversible error in failing to give a specific instruction on expert witnesses.

 Finally the plaintiff contended that the trial court committed reversible error when it waited until the conclusion of the presentation of all the evidence before instructing the jury that the question of negligence had been admitted by the defendant and said issue was to be considered proven in favor of the plaintiff. We do not see any way that this error prejudiced the plaintiff in the trial of this cause. At the time the jury heard the arguments of counsel they were aware that the defendant had admitted negligence.

The judgment of the trial court is affirmed.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS and HARGRAVE, JJ., concur.

DOOLIN and OPALA, JJ., dissent.