**Scott O'Dell HINDS, Appellee,**

v.

**WARREN TRANSPORT, INC., a foreign corporation, National Continental Insurance Co., a foreign insurance corporation, Progressive Casualty Insurance Co., a foreign insurance corporation, Appellants.**

No. 80932.

Court of Appeals of Oklahoma, Division No. 3.

March 29, 1994.

Rehearing Denied June 28, 1994.

Certiorari Denied Sept. 22, 1994.

John R. Woodard, III, Jody Nathan, Tulsa, for appellants.

John W. Norman, Norman & Edem, P.C., Oklahoma City, Stratton Taylor, Carle, Higgins, Mosier & Taylor, Claremore, Thomas A. Wallace, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Warren Transport, Inc., National Continental Insurance, and Progressive Casualty Insurance Co. (collectively, Appellants or individually, by name) seek review of judgment on jury verdict awarding actual and punitive damages in favor of Scott O'Dell Hinds in Hinds' negligence action following a traffic accident. In this appeal, Appellants assert error by the Trial Court in (1) failing to find Warren Transport's negligence created a condition not the cause of Hinds' injuries, (2) excluding the results of Hinds' blood test indicating the presence of alcohol, (3) submitting the issue of punitive damages to the jury, (4) instructing the jury, and (5) failing to reduce punitive damages by Hinds' comparative negligence.

On an overcast night in April 1988, a Warren Transport employee drove a company tractor-trailer rig northbound one-half mile south of Pryor, Oklahoma on a four lane divided highway when the driver heard a message on his CB to stop. Seeing brake lights ahead, the driver stopped in the right lane behind two other trucks and a car.[1] The driver got out of the rig[2] and walked a short distance north to a bridge where he observed a vehicle overturned thereon. Someone requested the driver call for assistance, and the driver returned to his truck.

At about the same time, Hinds was driving north in the right lane following a pickup truck and a car. First the pickup, then the

---

1. There is some evidence that one or more of the vehicles in front of the Warren Transport truck had pulled over onto the shoulder.

2. The driver testified he turned on his flashers; another witnesses testified no flashers were on.

car suddenly moved into the left lane, exposing the Warren Transport tractor-trailer rig stopped in the right lane. Approximately three seconds later, and immediately after the driver returned to the tractor-trailer rig, Hinds' vehicle crashed into the rear of the parked rig. Hinds sustained crippling injuries.[3]

Hinds then commenced the instant action against Warren Transport, its insurer, and Hinds' own insurance carrier to recover damages due to the alleged negligence of Warren Transport. The jury returned its verdict awarding Hinds $13,700,203.00 in actual damages and $2,000,000.00 in punitive damages, finding Hinds forty-three percent (43%) negligent and Warren Transport fifty-seven percent (57%) negligent. The Trial Court reduced the actual damages by the percentage of Hinds' negligence, left the punitive damages intact, and entered judgment accordingly. The Trial Court denied Appellants' motion for judgment notwithstanding the verdict, and Appellants appeal.

Appellants first assert judgment should have been rendered in their favor as a matter of law, arguing that a motorist whose vehicle collides with a vehicle parked on a highway is primarily negligent if the motorist saw or should have seen the parked vehicle in time to avoid the collision.[4] Thus, argue Appellants, the parked rig merely created a condition, not the proximate cause of the collision.

■ If injury is not foreseeable, the act of negligence furnishes only a condition and is not the proximate cause of the injury.[5] This condition versus cause analysis is a question of law for the Trial Court and has been applied to deny recovery to a plaintiff whose vehicle collides a defendant's vehicle parked in a roadway *if* the plaintiff should have seen the parked vehicle and was able to avoid the collision.[6] If, however, the injury is foreseeable, i.e., if a plaintiff is unable to avoid the parked vehicle, the negligence of the defendant is not a condition but a cause.[7] The issue of causation is then properly submitted to a jury.[8]

■ In the present case, Hinds adduced evidence, albeit controverted, that on an overcast night on an unlit four lane divided highway, Warren Transport's driver stopped his black tractor-trailer rig in the right lane of travel at the beginning of a bridge;[9] that the rig's tail lights were obscured by dirt and road grime; that the driver failed to turn on his hazard lights; and that the driver failed to put out hazard warning triangles. According to Hinds' expert witness, these actions by Warren Transport's driver resulted in Hinds' inability to earlier see the stopped tractor-trailer rig in time to avoid the collision. Under these specific facts and circumstances, we cannot say the Trial Court erred in finding the actions of Warren Transport's driver to be "a" cause and not a condition.

■ Appellants next complain of error by the Trial Court in excluding evidence of Hinds' intoxication at the time of the accident.[10] In this regard, the relevance and admission of evidence are matters addressed to the sound discretion of the Court whose rulings thereon will not be disturbed absent a showing of abuse of discretion.[11]

3. Hinds was rendered quadriplegic by the impact.

4. *See, e.g., Agee v. Gant,* 412 P.2d 155, 156 (Okl. 1966).

5. *Pepsi–Cola Bottling Co. of Tulsa, Oklahoma v. Von Brady,* 386 P.2d 993, 994 (Okl.1964). *See, also, Long v. Ponca City Hospital, Inc.,* 593 P.2d 1081 (Okl.1979).

6. *Long,* 593 P.2d at 1086–1087 (citing *John Long Trucking, Inc. v. Greear,* 421 F.2d 125, 127 (10th Cir.1970).

7. *See, Cheathem v. Van Dalsem,* 350 P.2d 593 (Okl.1960).

8. *See, Long,* 593 P.2d at 1087.

9. That is, instead of pulling off onto the shoulder of the highway before the bridge.

10. In so ruling, the Trial Court found the prejudicial effect of this evidence outweighed its probative value.

11. 12 O.S.1991 §§ 2402, 2403; *Whitely v. OKC Corp.,* 719 F.2d 1051 (10th Cir.1981); *Cooper v. State,* 671 P.2d 1168 (Okl.Cr.1983); *Samara v. State,* 398 P.2d 89 (Okl.1964), cert. den. and appeal dismissed, 381 U.S. 354, 85 S.Ct. 1556, 14 L.Ed.2d 681 (1965).

■ In the present case, the record reflects the admission of substantial evidence on the issue of Hinds' sobriety including testimony regarding the presence of beer cans in Hinds' vehicle and Hinds' admission to consumption of a number of beers earlier on the night of the accident, and the Trial Court excluded only the results of blood tests conducted at the hospital upon Hinds' admission. However, the record indicates the hospital conducted only a general and routine blood test, the results of which were probably tainted by use of an alcohol swab, and not taken pursuant to reliable methods for adducing an accurate blood-alcohol level. We therefore find no abuse of discretion by the Trial Court in excluding the blood test evidence, cumulative to other evidence adduced on the issue of Hinds' intoxication.

■ Appellants also complain of the Trial Court's failure to instruct the jury on certain issues. The record reflects, however, that Appellants failed to preserve alleged error in instruction of the jury in their petition in error with the exception of the failure of the Trial Court to instruct the jury on "condition versus cause." We therefore find all alleged errors regarding jury instructions waived except for the latter instruction.[12] As to "condition versus cause," as noted above such issue is a matter of law addressed to the Trial Court. That is, once the Trial Court establishes that the defendant's negligence was not a mere condition, the issue of causation must be submitted to the jury. In the present case, the Trial Court properly instructed the jury on causation, i.e., the comparative negligence of the parties. We therefore find no error in the Trial Court's jury instructions.

■ Finally, Appellants challenge the Trial Court's submission to the jury of the issue of punitive damages. Punitive damages may be assessed "if the injury is attributable to conduct that reflects *reckless disregard* for the public safety"[13] or

> ... [R]eckless and wanton disregard of another's rights from which malice and evil intent may be inferred. Oppressive intent may also be inferred from "complete indifference to consequences" ... or "gross negligence."

*Graham v. Keuchel,* 847 P.2d 342, 363–364 (Okl.1993).[14]

However, the mere happening of an accident as a result of inadvertence on the part of the responsible party is insufficient to constitute gross negligence.[15] Only where there is evidence in the record supporting an inference of gross negligence or reckless disregard and/or indifference for the safety of others must the issue of punitive damages be submitted to the jury.[16]

■ In the present case, the evidence is uncontroverted that Warren Transport's driver heard the CB command to "brake down," saw tail lights, stopped, and took less than two minutes to ascertain the situation, re-enter the rig to call for assistance and, presumably, take what other steps were necessary to secure the rig and scene. Under these specific facts and circumstances, we find insufficient evidence from which to infer malice, evil intent, reckless disregard of or complete indifference to the safety of others, or gross negligence on the part of Warren Transport. Rather, we find evidence of a tragic accident and inadvertence on the part of Warren Transport's driver,[17] upon which evidence the jury found both Hinds and Warren Transport negligent. We therefore hold the Trial Court erred in submitting the issue of punitive damages to the jury.

---

**12.** Issues not raised at trial or in petition in error will not be considered for the first time on appeal. *See, e.g., Northwest Datsun v. Okla. Motor Vehicle Comm.,* 736 P.2d 516 (Okl.1987); *Mothershed v. Mothershed,* 701 P.2d 405 (Okl.1985); *Arkansas Louisiana Gas Co. v. Cable,* 585 P.2d 1113 (Okl.1978); *Kepler v. Sirain,* 579 P.2d 191 (Okl.1978); *Nu–Pro, Inc. v. G.L. Bartlett & Co., Inc.,* 575 P.2d 618, 619 (Okl.1977).

**13.** *Thiry v. Armstrong World Industries,* 661 P.2d 515, 518 (Okl.1983) (emphasis original).

**14.** Citations omitted.

**15.** *White v. B.K. Trucking Co.,* 405 F.Supp. 1068, 1071 (W.D.Okl.1975).

**16.** *Shuman v. Laverne Farmers Co–Op,* 809 P.2d 76 (Okl.App.1991).

**17.** *See, White,* 405 F.Supp. at 1070, 1071.

Judgment on jury verdict awarding Hinds actual damages is therefore AFFIRMED. Judgment on jury verdict awarding Hinds punitive damages is REVERSED.

HUNTER, P.J., and GARRETT, V.C.J., concur.