1998 OK CIV APP 95

**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Larry D. PAYTON and the Workers' Compensation Court, Respondents.**

**No. 90173.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 7, 1998.

Certiorari Denied June 17, 1998.

Georgiana Peterson and Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, Oklahoma, for Petitioner.

Richard L. Peaster, Richard L. Peaster & Associates, Tulsa, Oklahoma, for Respondents.

## MEMORANDUM OPINION

ADAMS, Judge:

¶ 1 Does Claimant Larry Payton have an obvious and apparent unadjudicated previous disability from a 1990 automobile accident? If not, then under the evidence presented, the Special Indemnity Fund (Fund) argues that Claimant does not meet the level of combined disability (40 percent) required under 85 O.S.Supp.1994 § 172(c) to trigger its liability for a material increase in disability due to the combined effect of the claimed obvious and apparent disability with two adjudicated disabilities, one in 1988 and one in 1994. A trial court order combined the three disabilities and ordered Fund to pay Claimant benefits for a two percent material increase. That order was affirmed by a three-judge panel.

¶ 2 In these review proceedings, Fund argues the Workers' Compensation Court finding that Claimant had an obvious and apparent disability antedating his most recent work-related injury and resulting disability is not supported by competent evidence. Claimant argues that the degree of his previous disability was a fact question and competent evidence supports the findings of the Workers' Compensation Court. We agree.

¶ 3 Whether a workers' compensation claimant is a physically impaired person within the meaning of the Workers' Compensation Act presents a fact question to be determined from all the evidence. *Special Indemnity Fund v. Osborne,* 1954 OK 191, 272 P.2d 392. Although the appellate court will make an independent review of facts to determine whether claimant is a physically impaired person as defined in 85 O.S.Supp. 1993 § 171 of the Workers' Compensation Act, we are not free to disregard competent

and probative lay testimony. *Special Indemnity Fund v. Estill,* 1997 OK 99, 943 P.2d 606.

¶ 4 As applicable to this matter, § 171 defines a physically impaired person as a person who has a "loss of the use or partial loss of the use of a member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession." The "obvious and apparent" requirement may be established either by lay testimony alone or in conjunction with expert medical proof.

¶ 5 Claimant's Wife provided lay testimony that Claimant had difficulty walking up and down stairs, had cramps, his knees popped every time he stood up, and he had a hard time getting up and around. Claimant's doctor noted in his medical report that his examination on November 22, 1996, showed Claimant had "deformity and swelling of his knees, which is obvious and apparent." Claimant's complaints regarding his knees are described as pain, grinding, clicking and "intermittent swelling, depending on his activities."

¶ 6 He is reported as having "very limited and painful range of motion of both knees." Claimant testified to his inability to bend, to crawl, to kneel, to climb stairs at work, to change positions, and to an inability or reduced ability to otherwise perform the physical demands of his welding job. He also testified that his knees swelled and that this would be observable if he wore short pants. That is, if *examined,* the deformity caused by swelling would be apparent to a lay person, although when he wore long pants or protective gear while at work it was not as readily seen.

¶ 7 Nothing in this record detracts from the credibility of the lay or medical testimony in any way. The trial judge who saw the witnesses, observed their demeanor, and heard their testimony was in a better position to judge the true facts than this Court is by a review of the record. *Potter v. Nix,* 180 Okla. 196, 69 P.2d 48 (1937). That judge, after reviewing the medical evidence and observing the appearance and demeanor of Claimant and his witness, concluded Claim-

ant's disability was obvious and apparent as that term is used in our statutes, and the three-judge panel did not disturb that conclusion. We agree based upon the evidence in this record which we are able to evaluate.[1]

¶ 8 Our independent review leads us to conclude that this record contains credible lay and medical evidence which is probative of the issue under review—whether Claimant was a physically impaired person at the time of his most recent work-related injury due to an obvious and apparent disability. The order of the Workers' Compensation Court is sustained.

SUSTAINED.

HANSEN, J., and BUETTNER, P.J., concur.

---

1. Unlike the trial judge, however, we were not able to observe Claimant as he moved about the courtroom. In fact whether he limped at trial was the subject of some questioning by Fund's counsel. These kinds of issues, in addition to credibility questions which might arise from observation of the witnesses, all point to the importance in "independent review" cases that we be careful not to disregard the initial fact finder's assessment of all of the evidence and circumstances coming before the court at trial.