1999 OK CIV APP 54

**Jeannie Annette DELOZIER, Petitioner,**

v.

**Dexter AXLE, National Union Fire Insurance and the Workers' Compensation Court, Respondents.**

**No. 92095.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided March 12, 1999.

Rehearing Denied April 16, 1999.

Cherri Farrar, Oklahoma City, Oklahoma, For Petitioner.

John A. McCaleb, R. Dale Kimsey, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, For Respondents.

OPINION

ADAMS, Judge:

¶1 Claimant Jeannie Delozier seeks review of an order of the Workers' Compensation Court, affirmed on *en banc* appeal by a three-judge panel, which terminated temporary total disability and denied her request for further medical treatment. The order also concluded Claimant had not suffered any accidental injury to her right arm and right shoulder arising out of and in the course of her employment with Employer Dexter Axle. In this proceeding, Claimant contends the order must be vacated because it is not supported by any competent evidence and the trial court erred in admitting a videotape offered by Employer depicting various activities by Claimant. We address the videotape evidence first.

¶2 At trial, Claimant objected to the videotape because: (1) it was "misleading and is not a fair and accurate depiction of [Claimant's] condition and activity level;" (2) it "had been edited and fails to show continuous footage of the claimant's activities and conduct;" (3) the "audio" portion of the tape was not provided to the claimant; and (4) the tape had "at least fifteen gaps of time" with some of those gaps being "as long as sixteen minutes." In addition, the trial court's order indicates Claimant made a probative value objection to the tape. In this review proceeding, Claimant argues for the first time that the tape was irrelevant, and should have been excluded under 12 O.S.1991 § 2403 because its probative value was substantially outweighed by the danger of unfair prejudice and confusion of the issues. We will not consider these latter arguments because Claimant did not raise them at trial. 12 O.S.1991 § 2104(A).

¶3 The trial court heard undisputed evidence that the tape had not been edited, but that the gaps were explained by times when the investigator videotaping Claimant's activities was required to stop shooting because of inquiries by police and neighbors. Moreover, the investigator testified that nothing that occurred during the periods the camera was not on was inconsistent with the actions depicted on the tape.

To be sure, Claimant and her mother testified that the tape did not show the times she favored her arms and shoulders or was forced to cease working. The trial court's order specifically noted that it considered the presence of the gaps and the testimony of Claimant and her mother concerning the events covered by the tape in evaluating the evidence. These circumstances only presented a factual issue for the trial court to decide. It did not make the tape inadmissible.

¶4 Relevance and admission of evidence are matters addressed to the sound discretion of the trial court, and we will not disturb such trial court rulings absent a showing of abuse of discretion. *Hinds v. Warren Transport, Inc.*, 1994 OK CIV APP 52, 882 P.2d 1099. Claimant has demonstrated no abuse of discretion in the admission of the tape.

¶5 Similarly, we must reject Claimant's argument that the tape lacked probative value because it depicted events occurring after Claimant's injury and her entitlement to benefits had been established. According to Claimant's argument, she never contended she had lost all use of her right shoulder and arm, and therefore the activities on the tape in which she used those parts of her body are not relevant to her claim. We disagree. Claimant was asserting entitlement to temporary total disability benefits and a continued impairment to her right arm and shoulder. The activities in which Claimant was engaged at the time the tape was recorded, while not conclusive on these issues, were relevant evidence on those issues.

¶6 Claimant also contends the trial court's order finding she had not injured her right shoulder and arm is not supported by any competent evidence. The trial court was faced with two divergent versions of the stress placed on Claimant's right shoulder and arm in her job duties. According to Claimant, her primary task of using an impact wrench to tighten nuts on axles involved significant jarring and stress on both her arms, shoulders and hands. However, her supervisor testified the task did not require significant use of her right shoulder and arm. Claimant's attack on the supervisor's testi-

mony goes to its credibility. The trial court was the judge of the credibility of that testimony, and we will not disturb that decision. *See Special Indemnity Fund v. Payton,* 1998 OK CIV APP 95, 962 P.2d 676. The record contains competent evidence from which the trial court could have concluded that Claimant suffered no accidental injury to her right shoulder and right arm arising out of and in the course of her employment.

¶ 7 Under *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548, we may set aside an order of the Workers' Compensation Court only if it is contrary to law or is unsupported by any competent evidence. Claimant has not demonstrated any error of law or that the order is not supported by competent evidence. Accordingly, the order is sustained.

SUSTAINED

HANSEN, P.J., and JONES, C.J., concur.